JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> v. <br><br> ALONSO JEFFERSON, <br><br> Defendant/Petitioner | Case No. **EDCV 11-0776-VAP** <br> EDCR 03-0084-VAP <br><br> **JUDGMENT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to the Order filed herewith, IT IS ORDERED AND ADJUDGED that Defendant's motion is DENIED and this action is DISMISSED WITH PREJUDICE. The Court orders that such judgment be entered.

Dated: <u>August 31, 2011</u>

_____
VIRGINIA A. PHILLIPS
United States District Judge


## I.  SUMMARY OF PROCEEDINGS

On May 17, 2011, Defendant filed a "Motion for Relief under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ("Mot.").  On June 2, 2011, the Government filed Opposition to Defendant's Motion ("Opp'n"), accompanied by various exhibits.  (The Government erroneously filed its Opposition in criminal case EDCR 03-84 VAP, not the instant proceeding, EDCV 11-776 VAP.)  Defendant filed a document entitled "Motion in Opposition to Government's Motion to Oppose Movant's 28 U.S.C. § 2255" on June 24, 2011, which the Court construes as Defendant's Reply ("Reply") to the Opposition.

## II.  BACKGROUND

On June 3, 2004, a federal grand jury in this district returned a nine count first superseding indictment charging Defendant and 32 others with conspiracy to manufacture, to aid and abet the manufacture of, to possess with intent to distribute, and distribute, more than 100 grams of phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(c)(2), 846 and 18 U.S.C. §2.  (Doc. No.[1] 448.)  On July 5, 2005, the government filed an information charging that, in 1992, Defendant had been convicted of

---

[1] All references to the docket refer to the docket in case no. EDCR 03-84 VAP unless otherwise specified.

possession of cocaine base for sale, in violation of Calif. Health & Safety Code § 11351.5 (w), a felony drug offense, in the California Superior Court for the County of Los Angeles.  (Doc. No. 928.)

Defendant originally was represented by attorney Steven Escovar, who on behalf of Defendant brought, and joined in, various defense pretrial motions.  (Doc. Nos. 611 (Motion to Suppress Evidence) 898, 895, 911 (Joinders by Defendant in Motions to Suppress Evidence, for Discovery, for Identity of Informant or to Dismiss); 806, 815, 914 (Orders granting Ex Parte Applications for funds for paralegal, investigative, copying services, etc.); 925, 934 (Minutes of multiple-day pretrial hearing on foundation for wiretap evidence against defendants, including Defendant Alonso Jefferson.)  Defendant was one of four defendants (out of 33 charged) who proceeded to trial; on the first day of jury trial, Defendant moved the court to appoint new counsel.  (Doc. No. 954.) Despite the untimeliness of the motion, the Court granted Defendant's request and appointed Michael Belter to represent him.  (Id.)  The Court severed Defendant's case and the other three defendants proceeded to jury trial that day.

Defendant, through his newly-appointed counsel of record, appeared in court on at least four occasions after notifying the court and the government that he

3

1 intended to enter a plea of guilty pursuant to a plea
2 agreement (<u>see</u> Doc. Nos. 1196, 1231, 1242, 1278 & 1304.)
3 On one occasion, indeed, an executed plea agreement was
4 filed with the Court.  (Doc. No. 1270.)  On each of these
5 instances, however, at some point during the change of
6 plea colloquy, Defendant either announced he had changed
7 his mind and wished to proceed to trial, stated he did
8 not understand the charges against him, or declined to
9 accept a factual basis for the plea.

11     On Monday, August 21, 2006, the day before the jury
12 trial was scheduled to commence in his case, Defendant
13 pled guilty to count one in the first superseding
14 indictment.  (Doc. No. 1368.)  During the plea colloquy,
15 Defendant agreed with the factual basis stated by
16 government counsel, with the sole correction stated by
17 his counsel relating to the duration of his participation
18 in the conspiracy, and confirmed he had no objections or
19 corrections to the factual basis.  Furthermore, Defendant
20 stated he was satisfied with the representation he had
21 received from his counsel and the advice he had been
22 given.  He admitted he had discussed all aspects of the
23 case with his attorney, including any defenses he might
24 have.  He admitted he understood that if the government
25 proved the allegation in the 18 U.S.C. § 851 information,
26 he faced a mandatory minimum sentence of 240 months, or
27 20 years.  (Opp'n Ex. A (Reporter's Transcript ("RT")
28 August 21, 2006.)  Defendant later admitted the

allegation in the § 851 information.  (Opp'n Ex. B (RT January 8, 2007 at 6-8.)

The Court sentenced Defendant to the statutory mandatory minimum sentence of 240 months imprisonment on January 8, 2007.  [Doc. Nos. 1407, 1408.]  The Ninth Circuit Court of Appeals affirmed his conviction and sentence on June 7, 2010.  (Doc. No. 1577.)

### III.  DISCUSSION

Defendant asserts the following grounds for relief under § 2255:

(1) He is "factually innocent" of the charge of conviction (Mot. at 2-3);

(2) "The Government abused its discretion to obtain the indictment," resulting in a violation of his Fifth and Sixth Amendment rights (id.);

(3) Defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment (id. at 2-3);

(4) The Court erred in sentencing Defendant when it held him responsible for 175 kilograms of PCP (id. at 3); and

(5) The prosecutor "abused its discretion and should have known that [defendant] did not aid or abet any conspiracy pertaining to the manufacture or distribution of Phencyclidine (PCP) (id.).

**A.    Ineffective Assistance of Counsel**

In the first and seventh numbered claims in his petition, Defendant asserts he was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed to investigate and develop a claim that his voice was not present on the wiretapped calls that formed the basis for the government's case. (Mot. at 2-3.)

To establish ineffective assistance of counsel, Petitioner must prove (1) "counsel's representation fell below an objective standard of reasonableness," and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Under the second component, Petitioner must demonstrate her attorney's errors rendered the result unreliable or the proceedings fundamentally unfair. Fretwell v. Lockhart, 506 U.S. 364, 372 (1993); Strickland v. Washington, 466 U.S. at 694.

A claim of ineffective assistance of counsel requires proof of both of these elements. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant.... If it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Strickland v. Washington, 466 U.S. at 697.

To the extent Defendant bases this claim on an assertion that his counsel failed to challenge the government's wiretap evidence, it fails because the record flatly belies it. As set forth above, Defendant's trial counsel moved or joined in motions to suppress or challenge the government's evidence on multiple occasions. (See Doc. Nos. 611, 806, 815, 895, 898, 911, 914, 925 & 934.)

Furthermore, Defendant admitted during his plea colloquy to participating in the wiretapped conversations which formed the basis for the conspiracy charge to which he pled guilty. (Opp'n Ex. A, RT August 21, 2006 at 48, 50, 54.) As Defendant admitted he did participate in the telephone conversations which were the basis for the conspiracy charge against him, and the Court is entitled to rely on these admissions, made under oath, when it found Defendant's guilty plea was knowing, intelligent and voluntary, and not the product of any coercion or threats. "[F]indings made by the judge accepting the plea 'constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.'" Doe v. Woodford, 508 F.3d 563, 571 (9th Cir. 2007) (citing

1  Blackledge v. Allison, 431 U.S. 63, 74 (1977) and Chizen
2  v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986).  Hence,
3  further challenge by his lawyer to the identity of
4  Defendant's voice on the tapes would have been futile.
5  Counsel's performance is not defective for failing to
6  bring futile or frivolous motions.  James v. Borg, 24 F.
7  3d 20, 27 (9th Cir. 1994) (counsel's failure to raise a
8  futile argument does not constitute ineffective
9  assistance).

**B.   Sentencing Error**

Defendant claims the Court erred in sentencing him when it (1) classified him as a career offender and (2) held him responsible for 175 kilograms of PCP.  (Mot. at 2-3.)

The former claim fails because Defendant raised it on direct appeal, where the Ninth Circuit rejected it. (Opp'n, Ex. C (Deft's pro se brief) at 4-9).)  United States v. Hayes, 231 F.3d 1132 1139 (9th Cir. 2000). Moreover, as noted above, Defendant admitted the allegations in the § 851 information, hence establishing his status as a career offender.  (Opp'n, Ex. B (RT January 8, 2007 at 6.)

The latter claim of sentencing error fails as well. Apart from a bald assertion that he should not have been held responsible for 175 kilograms PCP, Defendant makes

no effort to develop this claim.  Bare assertions of fact, or bald statements of legal conclusions, will not suffice to gain relief under § 2255.  <u>Wallace v. United States</u>, 457 F.2d 547, 548 (9th Cir. 1972).  Moreover, he did not raise this claim in his direct appeal, and thus he has procedurally defaulted it.  "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."  <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998).  "Where a defendant procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is actually innocent."  <u>Id.</u> at 622 (internal citations omitted); <u>see also</u>  <u>United States v. Schlesinger</u>, 49 F.3d 483, 485 (9th Cir. 1994).  Defendant has made no such showing here.

**C.  Remaining Claims**

Defendant's remaining claims, that the prosecutors abused their discretion in obtaining an indictment against him and that he is actually innocent, lack merit. Defendant admitted, under oath, the basis for his guilt of the charge of conviction, on the eve of trial – indeed, on the eve of the second trial date – after several years and many opportunities to plead guilty under more favorable terms of a plea agreement. The Court relied on Defendant's sworn "solemn assurances" and found his guilty plea to be knowing and voluntary.  Hence, his

effort to deny his culpability provides no basis for relief under 28 U.S.C. § 2255.

### IV. CONCLUSION

For the reasons set forth above, the Court denies Defendant's Motion for Relief under 28 U.S.C. § 2255.

Dated: August 31, 2011

VIRGINIA A. PHILLIPS
United States District Judge